Scott MORRO, Plaintiff

v.

**CITY OF BIRMINGHAM,
et al., Defendants.**

Civ. A. No. 92–AR–2339–S.

United States District Court,
N.D. Alabama,
Southern Division.

March 23, 1995.

M. Clay Ragsdale, IV, E. Ansel Strickland, Jr., Birmingham, AL, for plaintiff.

Thomas Bentley, III, John M. Edens, Demetrius C. Newton, Birmingham City Attorney's Office, Birmingham, AL, for defendants.

### *MEMORANDUM OPINION*

ACKER, District Judge.

The court has for consideration the renewed motion of defendants, City of Birmingham (the "City") and Arthur Deutcsh ("Deutcsh"), in his official capacity as police chief of the City, for summary judgment.

On August 20, 1992, this court denied an earlier motion for summary judgment which had been filed by the City and by Deutcsh, both individually and in his official capacity. The case was originally brought by Scott Morro, a City police officer, pursuant to 42 U.S.C. § 1983, charging that defendants had wrongly disciplined him for exercising his

First Amendment right of association and of free speech as a result of his attendance at the public trial of Erica Arrington ("Arrington"), the daughter of the City's mayor, after her well-publicized arrest. The handling of that arrest led to the criminal conviction of Deutcsh for allegedly altering Arrington's jail records. In denying that first Rule 56 motion, this court noted that there was some evidence that Deutcsh, who had the authority to discipline police officers, had disguised his real reason for his disciplining of Morro by charging Morro with admittedly being unprepared to testify in an unrelated, separate misdemeanor case. The Personnel Board of Jefferson County, which is the body charged with reviewing any discipline meted out to a City employee, agreed with Morro on his appeal from Deutcsh's discipline. This Personnel Board ruling constituted a finding by that tribunal, which had jurisdiction over the matter, that the discipline administered by Deutcsh was unwarranted and, arguably, that it was not legitimately traceable to Morro's unpreparedness as a witness.

After this court denied defendants' first said motion for summary judgment, defendants filed a joint notice of appeal to the Eleventh Circuit. On October 19, 1994, a panel of the Eleventh Circuit, in a one-paragraph unpublished *per curiam* opinion, held:

> Given the undisputed facts on Morro's lack of preparedness for court, it was objectively reasonable to discipline Morro. So, Chief Deutcsh, as a matter of law, is entitled to qualified immunity. The district court's order denying summary judgment to Deutcsh in his individual capacity is REVERSED.

The panel said nothing about the separate, simultaneous purported appeals from the denials of the motions for summary judgment by the City and by Deutcsh in his official capacity. This conspicuous absence impliedly either constituted an affirmance of this court's denial of these two separate motions for summary judgment or constituted a dismissal of the appeals taken by the City and by Deutcsh officially because of a lack of appellate jurisdiction inasmuch as these two defendants could not raise qualified immunity as a defense and therefore could not take an early, preemptive appeal as could Deutcsh individually under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

The panel opinion is certainly subject to being interpreted as a finding that Deutcsh, as a fact, decided to discipline Morro only because of Morro's unpreparedness, despite what appears to be a conflict in the evidence on this subject. This court prefers to believe that Deutcsh individually enjoys qualified immunity because a trier of fact could reasonably believe Deutcsh's version of his motivation for disciplining Morro, and, if it does believe him, his reason would be "objectively reasonable" and thus within constitutional norms. This court cannot disagree with the Eleventh Circuit's description of Morro's lack of preparedness as being "undisputed." It may be true that Morro was unprepared as part of his participation in an organized police officers' protest against Deutcsh's handling of the Arrington affair, something that, if true, is a two-edged sword. What bothers this court as it considers these renewed motions for summary judgment by the City and by Deutcsh in his official capacity is the circumstantial evidence which suggests that Deutcsh's finding of a "lack of preparedness," although factually justified, was in reality a pretext to cover Deutcsh's real or predominant reason, namely, to protect Deutcsh and Arrington from adverse publicity by the use of intimidation. It is indisputably possible that on the proffered evidence a reasonable factfinder, evaluating demeanor and making credibility determinations, could conclude that Deutcsh's true motive for disciplining Morro was retaliation and was unconnected to, or only marginally connected to, Morro's lack of preparedness.

The current joint motion contains the following assertions:

1. The United States Court of Appeals has ruled as a matter of fact that the evidence in this cause shows indisputably that plaintiff was unprepared for court.

2. The United States Court of Appeals has also ruled that based upon plaintiff's unpreparedness it was objectively reasonable to discipline plaintiff.

3. The claims plaintiff has alleged against these defendants are based upon these defendants disciplining him for violating a departmental rule of the Birmingham Police Department. That rule in effect required plaintiff and other officers to be prepared to prosecute cases in which they are involved.

4. If the fact of plaintiff's unpreparedness has been determined against him there does not remain in this case a genuine dispute as to the facts which plaintiff alleges are the basis of the wrong done him by the defendants.

5. The fact established in this case by the Court of Appeals ruling means as a matter of law and fact that the disciplining of plaintiff does not proceed from an unconstitutional practice or policy to violate the rights of plaintiff or of any other person. It is not unconstitutional policy to discipline personnel for actual violation of rules.

6. Defendant Deutcsh was at the time of his decision to impose discipline upon the plaintiff the Chief of the Birmingham Police Department. As such he was entitled to and obligated to discipline employees of the department such as plaintiff for actual violations of the rules of the department. The ruling of the Court of Appeals has established that plaintiff was in violation of those rules in that he was unprepared for court and that was the basis for his discipline.

Defendants' memorandum brief, submitted in support of their present Rule 56 motion, contains, *inter alia*, the following statements:

On July 4, 1990 a City police officer arrested Erica Arrington, the daughter of Mayor Richard Arrington, on misdemeanor charges. Her trial was begun on July 20, 1990, and was attended by interested citizens, including a number of police officers, including Scott Morro.

\* \* \* \* \* \*

After earlier hearing arguments and receiving briefs on the issue, the Court of Appeals found as an undisputed fact that Morro was unprepared for court. The court stated *per curiam*, that it was objectively reasonable to discipline Officer Morro.

\* \* \* \* \* \*

After a supplementary status and scheduling conference on February 22, 1995 on the remaining issues before the district court, defendants filed another motion for summary judgment on the reasoning that the Court of Appeals had decided the central and remaining factual issue in favor of the defendants: to-wit, that Morro was unprepared for court.

\* \* \* \* \* \*

The City has maintained that the reason for the imposition of discipline on Officer Morro was his unpreparedness for court. While Morro has disputed that he was unprepared for court, he clearly was so unprepared and now the Court of Appeals has found that the issue as to his unpreparedness is undisputed.

\* \* \* \* \* \*

In the opinion of the District Court, denying defendants' first motion for summary judgment, the District Court determined that there was a genuine issue of material fact concerning Deutcsh's and the City's motivation for disciplining Morro. Then as now the defendants assert that the motivation for the discipline was the undisputed unpreparedness of Morro.

\* \* \* \* \* \*

To allow this suit to proceed under these facts would inhibit the City and its police department from investigating any officer for any clear rule violation. All the officer would need to do to frighten off discipline is mention some association thought to be frowned on or unpopular with City officials.

■ As can be seen, the gravamen of the current motion and its supporting brief is movants' insistence that the Eleventh Circuit has now established the law-of-the-case to be that Deutcsh was, in *fact*, motivated only by Morro's unpreparedness, a motive that was, as a matter of fact and law, objectively reasonable and therefore was constitutionally permissible. If movants are correct in their logic starting with the Eleventh Circuit opin-

ion, it would follow that their motions must be granted; but, if movants' logic is correct, why did the Eleventh Circuit not proceed, as it easily could have done, to reverse this court's denial of summary judgment to the City and Deutcsh in his official capacity? This court is left with somewhat of an enigma and a dilemma. This court now attempts to resolve both by expressing its belief that the law of the Eleventh Circuit with respect to qualified immunity is not and cannot be that such absolute immunity is always available as a defense for an individual official if his *articulated* explanation for his action or inaction is "objectively reasonable," that is, not contrary to clearly established constitutional principles, even though that *articulated* explanation may be legitimately disputed as not being the real reason. If this court accepted movants' rationale, Deutcsh, not only individually but also in his official capacity, will be completely off the § 1983 hook. But, if this court is correct in its understanding of the Eleventh Circuit's view of the qualified immunity defense, the City, and Deutcsh in his official capacity, remain on the § 1983 hook, because a jury may choose not to believe that Deutcsh's *actual* motive for administering discipline to Morro was what Deutcsh says it was.

■ The City's earlier denied motion for summary judgment pointed out that Morro had not alleged a policy or practice by the City to similarly violate plaintiff's or others' constitutional rights or that the liability sought to be imposed on the City is predicated on a theory of *respondeat superior* contrary to the teaching of *Monell v. Dept. of Soc. Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Morro argued then in response that "the City grants to Deutcsh the final authority to suspend, reprimand, and punish officers and therefore he was the final policymaker with respect to matters involving officer conduct," invoking *Owens v. Fulton County,* 877 F.2d 947 (11th Cir.1989), and *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), as legitimate ways around *Monell* in this case. This court not being familiar with the briefs filed in the Eleventh Circuit, or with the issues the parties actually argued to that court, this court cannot be 100% sure of what the Eleventh Circuit's intended message to this court is with respect to the now asserted summary judgment defenses of the City and of Deutcsh in his official capacity. This court's best judgment is that if the City and Deutcsh in his official capacity were entitled to summary judgment, the Eleventh Circuit would have reversed this court entirely, the mandate would have been unequivocal, and the case would be over. If this court should grant the renewed motion for summary judgment, it would be extending the Eleventh Circuit's opinion beyond what the Eleventh Circuit could have intended.

The court understands why the City would make the argument it now makes. How could an act by a City official that is "objectively reasonable" create § 1983 liability for the City? This is an interesting question, so interesting in fact that if requested to do so by the City and/or by Deutcsh in his official capacity, the court will enter a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), because if the City is right in its reading of the Eleventh Circuit's opinion, Morro should not be allowed to proceed to trial, which would be a waste of time.